ERVIN, Judge,
specially concurring.
In this appeal, the employer/carrier (e/c) seeks to reverse a final compensation order awarding payment for attendant care services rendered on behalf of claimant by claimant’s spouse from the date claimant was initially discharged from the hospital in August 1980, to the date of the hearing and continuing. The sums awarded were based on the market rate in the community for such services during all periods up to October 1, 1988, the effective date of Section 440.13(2)(e)l, Florida Statutes (Supp. 1988). Thereafter, all sums awarded were based on the federal minimum wage, as required by the amended statute. It is the e/c’s position that the amendment applies retroactively to all benefits recovered in this case, i.e., from August 1980 to the present, because the claim was not heard until after the effective date of the amendment. The cases cited in the majority’s opinion, however, conclusively reject this contention and hold instead that the amendment is not retroactive, but is merely applicable to services rendered following the effective date of the statute.
Although I feel bound by the above decisions, it is my view that the amended statute should not be construed to apply to an injury which occurred prior to the effective date of the amendment.[1] Hence, a family member who provides attendant care to an injured employee should, in my judgment, be entitled to the market rate available in the community at large for such services even following the date of the amendment in those circumstances where the worker’s injury occurred before the amendment’s effective date. See my special concurring opinion in Burris v. Mike Gatto Goodyear, 577 So.2d 1376 (Fla. 1st DCA 1991).

. Claimant suffered his industrial accident on January 31, 1980.